1   FENNEMORE CRAIG, P.C.
    Ray K. Harris (No. 007408)
2   3003 North Central Avenue, Suite 2600
    Phoenix, AZ  85012-2913
3   Telephone:  (602) 916-5000
    Email:  rharris@fclaw.com
4
    FENNEMORE CRAIG, P.C.
5   George O. Krauja (No. 010964
    One S. Church Avenue, Suite 1000
6   Tucson, AZ 85701-1627
    Telephone:  (520) 879-6823
7   Email:  gkrauja@fclaw.com

8   Attorneys for Plaintiff
    Raytheon Company
9

10                  UNITED STATES DISTRICT COURT

11                      DISTRICT OF ARIZONA

12  Raytheon Company, a Delaware          No. _____
    corporation,
13                                        **COMPLAINT**
                 Plaintiff,               (Jury Trial Demanded)
14
                 v.
15
    Technosoft, Inc., an Ohio corporation,
16
                 Defendant.
17

18

19       Plaintiff alleges:

20                          **PARTIES**

21       1.      Plaintiff Raytheon Company is a Delaware entity with its principal place of

22  business in Waltham, Massachusetts.

23       2.      Defendant Technosoft, Inc. is an Ohio entity with its principal place of

24  business in Cincinnati, Ohio.

25                  **JURISDICTION AND VENUE**

26       3.      This Complaint arises under the United States Patent Act, 35 U.S.C. §§ 271

1   and 281.  This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338 (patent cases).

2       4.      This Court has supplemental jurisdiction over the claims in this Complaint

3   that arise under the statutory and common law of the State of Arizona pursuant to 28

4   U.S.C. § 1367(a).  The state law claims are so related to the federal claims that they form

5   part of the same case or controversy and derive from a common nucleus of operative facts.

6       5.      Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).  The

7   Defendant is doing business in this district, is subject to jurisdiction in this district and,

8   therefore, resides in this district, has committed acts of patent infringement in this district

9   and a substantial part of the events giving rise to the claims occurred in this district.

10                          **FACTUAL BACKGROUND**

11      6.      The United States Missile Defense Agency sponsored a Small Business

12  Innovative Research ("SBIR") contract with Defendant Technosoft to develop a radiation

13  transport analysis ("RTA") tool.  Defendant Technosoft subcontracted with Plaintiff to

14  perform the SBIR contract by delivering Plaintiff's TopAct™ (Translation Optimization

15  for Partwise Adaptive Combinatorial Transport) software in performance of the SBIR

16  contract.

17      7.      Neither the SBIR contract nor the subcontract between Plaintiff and

18  Defendant granted Defendant Technosoft any rights in the TopAct™ software.

19      8.      The Federal Acquisition Regulations applicable to the SBIR contract did not

20  grant Defendant any rights in the TopAct™ software.

21      9.      TopAct™ is a software system which allows the exchange of information

22  between standard geometry representations produced by CAD systems such as Pro

23  Engineer (*for example*, IGES (Initial Graphics Exchange Specifications), or STEP

24  (Standard for the Exchange of Product Model Data)) with surface based combinatorial

25  geometry (SBCG) formats used in ray tracing applications such as TART (developed by

26  Lawrence Livermore National Laboratory) and MCNP (developed by Los Alamos

2235047/78185.031

1    National Laboratory).

2         10.    Defendant's adaptive modeling language ("AML") utilizes a proprietary

3    geometrical modeling engine, called Parasolid, supported by CAD software such as Pro

4    Engineering.

5         11.    The AML code associated with TopAct™ was codeveloped by Plaintiff and

6    Defendant Technosoft to provide a graphical user interface to Plaintiff's preexisting

7    TopAct™ system (written in Fortran).

8         12.    At all times Plaintiff has asserted proprietary rights in the TopAct™ system

9    and has taken reasonable steps to maintain confidentiality of the TopAct™ system.

10        13.    Defendant has not paid Plaintiff the amount due under the SBIR Phase II

11   grant.   A copy of the purchase order is attached as Exhibit A and a copy of unpaid

12   Raytheon invoice is attached as Exhibit B.

13        14.    In response to an RFI from NASA regarding the Europa Jupiter System

14   Mission, Technosoft submitted the document attached as Exhibit C regarding "the

15   adaptive modeling framework" that enables "the integration and automation of analysis

16   and design processes" and offers "automation of the radiation analysis process" through

17   the integration of algorithms that support the optimization of the layout of components

18   and the shielding design.   The Technosoft response to RFI (Exhibit C) also claims to

19   incorporate "optimization methods" and claims "the interactions between design models

20   (geometry) and analyses are fully automated" and that this "fully automated geometry

21   translation will reduce deck preparation time by three orders of magnitude".

22        15.    The features claimed for the Defendant's adaptive modeling framework are

23   the same features offered by using the patented or confidential proprietary technologies of

24   Plaintiff.

25        16.    Defendant had access to Plaintiff's confidential proprietary trade secrets as a

26   result of the subcontract with Plaintiff under the SBIR contract.

2235047/78185.031

17.     After delivering the TopAct™ software to the Missile Defense Agency, Defendant was under a continuing obligation not to use or disclose Plaintiff's confidential proprietary information and not to infringe Plaintiff's patents.

18.     Upon information and belief, Defendant has retained one or more copies of Plaintiff's TopAct™ system and related documentation, which constitute confidential and proprietary trade secrets of Plaintiff.

19.     Defendant is now offering software to NASA, and other potential customers of Plaintiff, which infringes Plaintiff's patents and misappropriates Plaintiff's trade secrets in violation of Plaintiff's rights.

**COUNT ONE**

**(Patent Infringement)**

20.     Plaintiff is the assignee of and owner of the entire right to title and interest in United States Patent Nos. 7,321,364 (the '364 patent) and 7,337,154 (the '154 patent), copies attached as Exhibits D and E.

21.     The patents were duly and legally issued for the inventions claimed therein.

22.     Plaintiff has offered for sale Plaintiff's patented method of logic circuit design and patented computer implementation system, in the form of TopAct™ computer software.  The TopAct™ software carries the patent notice prescribed by 35 U.S.C. § 287.

23.     Defendant has offered to sell a software product which directly infringes the Plaintiff's patents.  On information and belief Defendant markets this product throughout the United States, and will continue to do so unless enjoined by this Court.

24.     Defendant has actual notice of the patents and the assignment to Plaintiff.

25.     Defendant has, with full knowledge of the patents, willfully and wantonly proceeded to infringe in flagrant disregard of Plaintiff's exclusive rights.

26.     Defendant's infringement has caused actual damage in an amount to be determined at trial.

1    27.    Defendant's continuing infringement causes irreparable harm for which

2  Plaintiff has no adequate remedy at law.

3                                    **COUNT TWO**

4                        **(Misappropriation of Trade Secrets)**

5    28.    Plaintiff incorporates by reference the allegations of paragraphs 1-27 as if

6  fully set forth herein.

7    29.    Plaintiff owns trade secrets having substantial independent economic value,

8  including, but not limited to, the Fortran source and executable code for TopAct™.  The

9  trade secrets were developed by Plaintiff through the expenditure of Plaintiff's money and

10  effort.  These trade secrets have conferred a competitive advantage on Plaintiff.

11    30.    Plaintiff has taken reasonable measures to protect and maintain the secrecy

12  of its trade secrets, including limiting access to them on a need-to-know basis and taking

13  other measures such as password protection and confidentiality agreements.  Plaintiff's

14  trade secrets are not readily ascertainable by proper means by others.

15    31.    Defendant acquired Plaintiff's trade secrets under circumstances giving rise

16  to an obligation to maintain their secrecy and to restrict their use and/or disclosure.

17    32.    Defendant knew that the material obtained from Plaintiff and later

18  improperly used constituted trade secrets.

19    33.    Defendant's misappropriation of Plaintiff's trade secrets is willful and

20  malicious.

21    34.    Defendant's misappropriation of Plaintiff's trade secrets is ongoing, and

22  unless enjoined from doing so, Defendant will continue to misappropriate Plaintiff's trade

23  secrets to gain, unfairly and illegally, a competitive advantage over Plaintiff.

24    35.    As a result of these actions, Plaintiff has been, and continues to be,

25  damaged.

26    36.    Defendant's conduct has caused, and is causing, irreparable and imminent

2235047/78185.031

1   injury to Plaintiff for which there is no adequate remedy at law.

2                                    **COUNT THREE**

3                                 **(Breach of Contract)**

4           37.    Plaintiff incorporates by reference the allegations of paragraphs 1-36 as if

5   fully set forth herein.

6           38.    Plaintiff entered into a contract with Defendant to provide TopAct™ to the

7   Missile Defense Agency under an SBIR program grant.

8           39.    Defendant breached the contract agreement with Plaintiff by improperly

9   using or disclosing Plaintiff's trade secrets and patented inventions for unauthorized

10  purposes, i.e., for Plaintiff's own benefit.

11          40.    Defendant breached the contract with Plaintiff by failing to pay $166,491.65

12  properly invoiced by Plaintiff and payable to Plaintiff under the terms of the contract.

13          41.    Defendant's breaches are material.

14          42.    As a result of Defendant's breaches, Plaintiff has been, and continues to be,

15  damaged in an amount in excess of $166,491.65.

16                                    **COUNT FOUR**

17          **(Tortious Interference with Prospective Contractual Relations)**

18          43.    Plaintiff incorporates by reference the allegations of paragraphs 1-42 as if

19  fully set forth herein.

20          44.    Plaintiff has contracted with NASA and other public and private entities for

21  technologies related to design of systems for which TopAct™ is applicable.

22          45.    Plaintiff has a reasonable expectation of future business relationships with

23  NASA and others related to TopAct™.

24          46.    Defendant knows of Plaintiff's business expectancy and Plaintiff's

25  ownership of TopAct™ and related trade secrets.

26          47.    Notwithstanding that knowledge, Defendant improperly and purposefully

2235047/78185.031

interfered and continues to interfere with Plaintiff's prospective relationships by offering

to Plaintiff's potential customers Plaintiff's confidential and proprietary trade secrets and

patented inventions.

48.    Defendant has no privilege or justification for such interference and

Defendant's conduct is wrongful.

49.    Defendant's interference evidences an evil hand guided by an evil mind,

warranting an award of punitive damages.

50.    As a foreseeable result of Defendant's actions, Plaintiff has been, and

continues to be, damaged. Defendant's acts of intentional inference have also caused and

are causing irreparable injury to Plaintiff for which there is no adequate remedy at law.

## COUNT FIVE

### (Conversion)

51.    Plaintiff incorporates by reference the allegations of paragraphs 1-50 as if

fully set forth herein.

52.    As described above, Defendant retained possession of Plaintiff's software

and related documents which are owned exclusively by Plaintiff.

53.    Defendant has have wrongfully interfered with Plaintiff's possession of its

trade secrets and proprietary information and the aforementioned documents by

improperly retaining possession and control of tangible materials containing such

information and using these materials to Defendant's own benefit.

54.    This illegal possession and use of Plaintiff's documents constitutes

conversion.  Defendant has intentionally exercised dominion and control over Plaintiff's

software.

55.    As a foreseeable result of the conversion, Plaintiff has been, and continues

to be, damaged.  Defendant has caused, and is causing, irreparable injury to Plaintiff for

which there is no adequate remedy at law.

56.     Defendant's conduct evidences an evil hand guided by an evil mind, warranting an award of punitive damages.

## COUNT SIX

### (Unfair Competition)

57.     Plaintiff incorporates by reference the allegations of paragraphs 1-56 as if fully set forth herein.

58.     Defendant is offering for sale as Defendant's product software which infringes Plaintiff's patents and misappropriates Plaintiff's trade secrets.

59.     Defendant has entered markets in competition with Plaintiff using a product infringing Plaintiff's proprietary TopAct™ design and invention.

60.     By copying Plaintiff's design, Defendant has avoided the cost of research and development.   By following Plaintiff into the market, Defendant has avoided substantial marketing costs.

61.     By offering for sale Plaintiff's patented and trade secret TopAct™ technology, Defendant seeks to confuse consumers into believing Plaintiff's technology is owned by Defendant.

62.     Defendant's conduct constitutes unfair competition under Arizona law.

63.     As a foreseeable result of the Defendant's conduct, Plaintiff has been, and continues to be, damaged.   Defendant has caused, and is causing, irreparable injury to Plaintiff for which there is no adequate remedy at law.

64.     Defendant's conduct evidences an evil hand guided by an evil mind and warrants the imposition of punitive damages.

## COUNT SEVEN

### (Unjust Enrichment)

65.     Plaintiff incorporates by reference the allegations of paragraphs 1-64 as if fully set forth herein.

2235047/78185.031

1    66.    Defendant has profited unjustly from the trade secrets and other confidential

2    information that were misappropriated from Plaintiff.  As a result, Defendant has been

3    unjustly enriched at Plaintiff's expense.

4    67.    It would be unconscionable and against fundamental principles of justice,

5    equity and good conscience to allow Defendant to retain these unearned profits and

6    benefits.  The circumstances are such that justice and good conscience require Defendant

7    to compensate Plaintiff for the benefit received.

8    68.    The aforementioned trade secrets and related benefits rightfully belong to

9    Plaintiff.

10    69.    As a foreseeable result of the Defendant's conduct, Plaintiff has been, and

11    continues to be, damaged.  Defendant has caused, and is causing, irreparable injury to

12    Plaintiff for which there is no adequate remedy at law.

13    70.    Defendant's conduct evidences an evil hand guided by an evil mind and

14    warrants the imposition of punitive damages.

15    **WHEREFORE**, Plaintiff demands judgment awarding:

16    A.    Preliminary and permanent injunctive relief against Defendant's continued

17    patent infringement (35 U.S.C. § 283), misappropriation of trade secrets (A.R.S. § 44-

18    402), and other torts;

19    B.    Damages to compensate Plaintiff for lost profits resulting from Defendant's

20    patent infringement (35 U.S.C. § 284);

21    C.    Treble damages for knowing, willful and wanton infringement (35 U.S.C.

22    § 284);

23    D.    Pre-judgment interest on the amount of damages (35 U.S.C. § 284);

24    E.    Plaintiff's attorney's fees and costs in this action (35 U.S.C. § 285 and

25    A.R.S. §§ 12-341.01 and 44-404);

26    F.    Plaintiff's actual damages;

2235047/78185.031

1    G.    Defendant's profits obtained as a result of its unlawful actions;

2    H.    Punitive damages;

3    I.    Twice actual damages for willful and malicious misappropriation

4    (A.R.S. § 44-403(B)); and

5    J.    Such other or further relief as the Court deems just and proper.

6                    **DEMAND FOR JURY TRIAL**

7         Pursuant to Rule 38(b), Federal Rules of Civil Procedure, Plaintiff demands a trial

8    by jury on all issues so triable in the above-referenced matter.

9         DATED this 21st day of May, 2010.

10
                                   FENNEMORE CRAIG, P.C.
11

12
                                   By *s/Ray K. Harris*_____
13                                    Ray K. Harris
                                      George O. Krauja
14                                    Attorneys for Plaintiff
                                      Raytheon Company
15

16

17

18

19

20

21

22

23

24

25

26